IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JAIME KIRBY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:13CV1047 |
| | ) | |
| PINNACLE CORPORATE SERVI, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the undersigned United States Magistrate Judge on Plaintiff's Application for Leave to Proceed In Forma Pauperis (Docket Entry 1). For the reasons that follow, pauper status will be granted solely for the purpose of recommending dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

LEGAL BACKGROUND

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)). "Dispensing with filing fees, however, [is] not without its problems. Parties proceeding under the statute d[o] not face the same financial constraints as

ordinary litigants. In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004).

To address this concern, the relevant statute provides, in pertinent part, that "the [C]ourt shall dismiss the case at any time if [it] determines that . . . the action . . . fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2). A complaint falls short under this standard when it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In other words, the applicable standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers,"
(continued...)

DISCUSSION

This case began November 20, 2013, when Plaintiff (or someone using her name) filed a pro se Complaint (Docket Entry 2), along with an Application for Leave to Proceed In Forma Pauperis ("IFP Application") (Docket Entry 1). The Complaint contains a "PRELIMINARY STATEMENT," describing the case as "an action for damages brought for violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 *et seq* and for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 *et seq*[.]" (Docket Entry 2 at 1; see also id. at 3-5 (setting forth two causes of action under FCRA and one under FDCPA).) It also purports to assert state-law claims. (See id. at 5-7.) The only material, non-conclusory factual allegation in the Complaint regarding Defendant appears as follows: "Plaintiff found after examination of her Equifax, Trans Union and Experian consumer credit reports that Defendant had obtained Plaintiffs [sic] Equifax, Trans Union

---

<sup>1</sup>(...continued)
Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 679, respectively)).

and Experian consumer credit reports in 3 2012." (Id. at 2 (underlining in original).) The Complaint also states that "Plaintiff sent dispute letter and asked for validation of alleged debt by USPS mail" (id.), but fails to identify to whom Plaintiff sent said dispute letter or what it disputed.

The undersigned Magistrate Judge also determined that Plaintiff's IFP Application and Complaint bear a number of unusual similarities both of form and substance to a number of other pauper applications and complaints filed pro se in this Court, including that most (like Plaintiff's Complaint): 1) state under the heading "JURISDICTION AND VENUE" that "jurisdiction of this Court is conferred by 15 U.S.C. §1681p" and that "[v]enue is proper in this Circuit pursuant to 28 U.S.C. §1391b"; and 2) set forth virtually identical sections (including as to content, format, style, and even typographical/scrivener errors) entitled "COUNT I," "COUNT II," "COUNT III," "RECKLESS AND WANTON CONDUCT," "ALL DEFENDANTS INVASION OF PRIVACY," "ALL DEFENDANTS DEFAMATION," and "ALL DEFENDANTS INTENTIONAL MISREPRESENTATION." (Compare Docket Entry 2, with Nowlin v. Fair Collections, No. 1:13CV1109, Docket Entry 2; Nowlin v. Capital One, No. 1:13CV1108, Docket Entry 2; Ferguson v. North Carolina Dep't of Health & Human Servs., No. 1:12CV493, Docket Entry 2; Golden v. Firstpoint Collection Serv., No. 1:12CV875, Docket Entry 2; Shamberger v. Firstpoint Collection Serv., No. 1:12CV876, Docket Entry 2; Golden v. Absolute Collection

Servs., No. 1:12CV956, Docket Entry 2; Durham v. Absolute Collection Servs., No. 1:12CV957, Docket Entry 2; Grant v. Absolute Collection Servs., No. 1:12CV958, Docket Entry 2; Ferguson v. Absolute Collection Serv., No. 1:12CV1023, Docket Entry 2; Golden v. NCO Fin. Sys., No. 1:12CV1097, Docket Entry 2; James v. Firstpoint Collection Serv., No. 1:12CV1098, Docket Entry 2; and Wiggins v. Credit Mgmt., No. 1:11CV1093, Docket Entry 2.)

Given the foregoing circumstances, and in an attempt to determine, inter alia, if Plaintiff could provide factual matter sufficient to support an inference that Defendant qualified as a "debt collector" under the FDCPA or, alternatively, that Defendant did not have a "permissible purpose" for obtaining Plaintiff's credit report under the FCRA, the undersigned Magistrate Judge set this case for a hearing on Plaintiff's instant IFP Application. (See Text Order dated Nov. 22, 2013.)[2] At said hearing, Plaintiff indicated that she had obtained the Complaint and IFP Application from "friends of friends" and that she could provide more factual information regarding the allegations in the Complaint. (See Minute Entry dated Dec. 16, 2013.)[3] The Court ordered her to file an amended complaint by February 18, 2014, detailing the facts

---

[2] The Court also set for a hearing the same day a second, nearly identical case Plaintiff filed against a different Defendant. See Kirby v. SCA Collections, No. 1:13CV1048, Text Order dated Nov. 22, 2013.

[3] The Clerk maintains an audio-recording of the proceeding.

surrounding her allegations and the specific damages she suffered. (See id.)  To date, Plaintiff has made no such filing.  (See Docket Entries dated Dec. 16, 2013, to present.)

Under these circumstances, the Court should dismiss this case under Section 1915(e)(2)(B) for failure to state a claim.  See, e.g., Iqbal, 556 U.S. at 678 (mandating that plaintiffs provide "factual matter" to support claims and ruling "legal conclusions" and "conclusory statements" insufficient).  The Complaint purports to assert two claims under the FCRA based on Defendant's alleged obtaining of Plaintiff's credit report without a permissible purpose.  (See Docket Entry 2 at 3.)  The Complaint lacks any indication that Plaintiff ever contacted Defendant directly to ask why Defendant obtained Plaintiff's credit report or other factual showing that Defendant lacked a permissible purpose.  (See id. at 1-8.)  Further, the Complaint contains only a bald assertion that Defendant acted wilfully and that Plaintiff suffered actual damages.  (See id. at 3.)  In several separate, recent cases, this Court, under similar circumstances, dismissed for failure to state a claim complaints featuring such FCRA claims.  See, e.g., Golden v. NCO Fin. Sys., No. 1:12CV1097, 2013 WL 4519774 (M.D.N.C. Aug. 26, 2013)(unpublished), recommendation adopted, slip op. (M.D.N.C. Sept. 13, 2013) (Schroeder, J.); James v. Paragon Revenue Grp., No. 1:12CV1371, 2013 WL 3243553 (M.D.N.C. June 26, 2013) (unpublished), recommendation adopted, slip op. (M.D.N.C. July 23, 2013)

(Schroeder, J.); King v. Equable, No. 1:12CV443, 2013 WL 2474377 (M.D.N.C. June 10, 2013) (unpublished) (Eagles, J.). The same result should occur here.

The other causes of action in the Complaint suffer from even greater deficiencies. For example, although Plaintiff purports to assert a claim for violation of the FDCPA (see Docket Entry 2 at 4-5), the lone non-conclusory factual allegation against Defendant in the Complaint, i.e., that Defendant obtained Plaintiff's credit report (see id. at 2),[4] does not even relate to, much less sufficiently support, a finding that Defendant violated any of the cited FDCPA provisions (such as "falsely representing the character, amount, or legal status of any debt," "communicating or threatening to communicate to any person credit information which is known or which should be known to be false," "use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer," "failure to disclose in the initial written communication . . . that the debt collector is attempting to collect a debt," "collection of any amount . . . unless such amount is expressly authorized by the agreement creating the debt or permitted by law," and failing to send timely written notice of rights to dispute the debt (id. at 4)). The Court therefore should likewise dismiss Plaintiff's FDCPA

---

[4] As previously noted, the allegation in the Complaint about a dispute letter does not refer to Defendant or the contents of the letter.

claim. See, e.g., Horton v. HSBC Bank, No. 1:11CV3210TWT, 2013 WL 2452273, at *8 (N.D. Ga. June 5, 2013) (unpublished) ("Reciting the statutory definition without offering any facts in support is insufficient to plausibly allege that Defendants qualify as debt collectors under the FDCPA. On this basis alone, Plaintiff's FDCPA claim should be dismissed."); Garcia v. Jenkins/Babb LLP, No. 3:11-CV-3171-N-BH, 2012 WL 3847362, at *7 (N.D. Tex. July 31, 2012) (unpublished) ("Plaintiffs' description of the Jenkins/Babb Defendants as 'debt collectors' is a legal conclusion which courts are not bound to accept as true. . . . The factual allegations in the amended complaint are insufficient to establish that any of the Jenkins/Babb Defendants were either engaged 'in any business the principal purpose of which is the collection of any debts' or that they 'regularly collect or attempt to collect debts.' This failure is fatal to the claim against them under Iqbal." (internal ellipses omitted)).[5]

**IT IS THEREFORE ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis (Docket Entry 1) is **GRANTED FOR THE**

---

[5] Nor would any allegations in the Complaint sustain any of the purported state-law claims. See generally Snipes v. Alamance Cnty. Clerk of Cts., No. 1:11CV1137, 2013 WL 4833021, at *5 (M.D.N.C. Sept. 10, 2013) (unpublished) (discussing requirements of same state-law claims), recommendation adopted, slip op. (M.D.N.C. Sept. 30, 2013). Indeed, those state-law claims appear to focus on unspecified reporting of information about Plaintiff (see Docket Entry 2 at 5-7), but the Complaint lacks any non-conclusory allegations of any such conduct by Defendant.

**LIMITED PURPOSE OF ALLOWING THE COURT TO CONSIDER A RECOMMENDATION OF DISMISSAL.**

**IT IS RECOMMENDED** that this action be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

                                        /s/ L. Patrick Auld
                                                  **L. Patrick Auld**
                                       **United States Magistrate Judge**
March 25, 2014